IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE              ) | |
| ) | |
| RANDALL W. SMITH and    ) | |
| SHENA T. SMITH,        ) | Case No. 07-51196 C-13 W |
| ) | |
| Debtors.    ) | |
| ) | |

MEMORANDUM OPINION DENYING EXPEDITED HEARING

This matter came before the Court on August 24, 2007 upon the Motion to Expedite Hearing (the "Motion to Expedite"), filed by the above-referenced debtors (the "Debtors") on August 22, 2007. The Debtors request the Court to schedule a hearing concerning the Debtor's Motion to Extend the Automatic Stay (the "Motion to Extend"). Based upon a review of the Motion to Expedite, the Motion to Extend, applicable law, and the entire official file, the Court will deny the Motion to Expedite.

I. JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G) which this Court has the jurisdiction to hear and determine.

II. FACTS

On July 10, 2006, the Debtors filed a Chapter 13 bankruptcy (case no. 06-50878). The case was dismissed on June 11, 2007, before confirmation of a plan. On August 3, 2007, the Debtors filed this Chapter 13 bankruptcy. Pursuant to Section 362(c)(3), the automatic stay

afforded by Section 362(a) terminates on Sunday September 2, 2007. The Debtors filed the Motion to Extend and the Motion to Expedite on August 22, 2007. The Debtors request that an expedited hearing on the Motion to Extend be set on August 29, 2007, so that the hearing occurs within the thirty-day period proscribed by Section 362(c)(3). Thus, the Debtors request a hearing date that is seven days after the Motion to Extend was filed and just five days from now.

### III. ANALYSIS

Sufficient notice of a hearing is required for an extension of the automatic stay. If a debtor had a case dismissed within the preceding year, then on "the motion . . . for continuation of the automatic stay, and upon notice and a hearing, the court may extend the stay . . . as to any or all creditors" upon such conditions and limitations as the court may impose. 11 U.S.C § 362(c)(3)(B)(emphasis added). The term "notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for hearing as is appropriate in the particular circumstances." 11 U.S.C § 102(1)(A). Courts have held that appropriate notice of such a hearing should be given eighteen to thirty days prior to the hearing. See In re Kurtzhan, 337 BR 356 (Bankr. D. Minn. 2006)(18 days notice of the hearing was sufficient); In re Toro-Arcila, 334 BR 224 (Bankr. S.D. Tex. 2005)(30 days notice of hearing was sufficient). Courts have also held that two to sixteen days notice prior to such a hearing is insufficient. See In re Norman, 346 B.R. 181 (Bankr. N.D.W. Va. 2006)(2 days notice was insufficient); In re Wilson, 336 BR 338 (Bankr. E.D. Tenn. 2005)(16 days notice of hearing was insufficient); In re Taylor, 334 B.R. 660 (Bankr. D. Minn 2005)(8 days notice of hearing was insufficient). Since the notice of a hearing on the Motion to Extend cannot be mailed until Monday August 27, 2008, and since the hearing on the Motion to Extend must be held by Friday August 31, 2007, the Debtor did not leave sufficient time to give proper notice.

## IV. CONCLUSION

As the notice of a hearing on the Motion to Expedite would be four days at best, the Court finds that there is insufficient time to notify the trustee, the creditors, and other parties in interest before the thirty-day period proscribed by Section 362(c)(3) expires.  Therefore, the Motion to Expedite shall be denied.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE )<br>)<br>RANDALL W. SMITH and )<br>SHENA T. SMITH, )<br>)<br>    Debtors. )<br>_____) | Case No. 07-51196 C-13 W |

<u>PARTIES IN INTEREST</u>

Brian P. Hayes

Randall and Shena Smith

Kathryn L. Bringle

Michael D. West